**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIS CARPENTER,<br><br>           Plaintiff,<br><br>         v.<br><br>AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 36, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, NATIONAL HEADQUARTERS, and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No. 2:21-cv-09743-MCS-KS<br><br>**ORDER GRANTING MOTION TO REMAND (ECF NO. 13) AND DENYING MOTION TO DISMISS (ECF NO. 10)** |

Plaintiff Tris Carpenter moves to remand the case. Mot., ECF No. 13; *see also* Mem., ECF No. 13-1. Defendants American Federation of State, County and Municipal Employees, District Council 36 and American Federation of State, County and Municipal Employees, National Headquarters opposed the motion, Opp'n 15, and Plaintiff replied, Reply, ECF No. 16. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court grants the motion.

1

1   **I.    BACKGROUND**

2        Plaintiff initiated this case in Los Angeles County Superior Court. Compl., ECF

3   No. 1-1. According to the Complaint, Plaintiff worked for Defendant District Council

4   36, eventually accepting a promotion to Interim Executive Director. *Id.* ¶¶ 9–11. After

5   seeing suspicious payments to some Local 858[1] members, Plaintiff asked Defendants'[2]

6   International President to place Local 858 into an administratorship. *Id.* ¶ 12. Plaintiff

7   repeated this request several times and also requested investigation into this financial

8   malfeasance. *Id.* ¶¶ 12–15. A retired former employee of Defendants eventually told

9   Plaintiff the Los Angeles County District Attorney's Office was investigating this

10  malfeasance; Plaintiff passed on this information to Defendants. *Id.* ¶ 16. Plaintiff

11  resigned from the Interim Executive Director position following Defendants' failure to

12  address this financial malfeasance. *Id.* ¶ 19. He subsequently requested Defendants

13  return him to his former position as Defendants' Organization Director. *Id.* ¶ 20.

14  Plaintiff eventually brought this financial malfeasance to Local 685's attention and

15  requested that Local 685 address this malfeasance. *Id.* ¶ 22. The Local 685 Executive

16  Board eventually filed charges against a Local 685 member for this financial

17  malfeasance. *Id.* ¶ 23. Plaintiff disclosed the Local 685 financial malfeasance to his

18  replacement in the Interim Executive Director position. *Id.* ¶ 24. Plaintiff's replacement

19  fired him a little over a month later. *Id.* ¶ 25.

20       Plaintiff brings two claims against Defendants. First, Plaintiff claims Defendants

21  retaliated against him by making or adopting a rule, regulation, or policy that prevented

22  an employee from reporting a legal violation to law enforcement and for disclosing

23  _____

24  [1] Plaintiff refers to two local unions in the Complaint: Local 685 and Local 858. The
    Complaint does not clarify the relationship between the groups, but the distinction is
25  irrelevant to the disposition here. The Court's recitation of the facts follows the
26  allegations in the Complaint.

27  [2] The Complaint interchangeably refers to a single Defendant and to plural Defendants.
    The Court throughout refers to plural Defendants for clarity because the distinction is
28  irrelevant to the disposition here.

1    information to law enforcement, in violation California Labor Code section 1102.5. *Id.*
2    ¶¶ 26–36. Second, Plaintiff claims Defendants wrongfully terminated him against
3    California public policy. *Id.* ¶¶ 37–42.

4        Defendants removed this action on the basis that Plaintiff's claims are completely
5    preempted by the Labor Management Relations Act ("LMRA"). Notice of Removal
6    ¶¶ 16–21, ECF No. 1.

7    **II.    LEGAL STANDARD**

8        Federal courts are of limited jurisdiction and possess only that jurisdiction which
9    is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life*
10   *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant in state court can remove a civil
11   action to federal court if "the district courts of the United States have original
12   jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, federal courts have
13   jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the
14   United States." A case "arises under" federal law if a plaintiff's "well-pleaded
15   complaint establishes either that federal law creates the cause of action or that the
16   plaintiff's right to relief necessarily depends on resolution of a substantial question of
17   federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S.
18   1, 27–28 (1983). In determining whether removal is proper, a court should "strictly
19   construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d
20   564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as
21   to the right of removal in the first instance." *Id.* The removing party therefore bears a
22   heavy burden to rebut the presumption against removal. *Hunter v. Phillip Morris USA*,
23   582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of
24   remand to state court.").

25   **III.   DISCUSSION**

26       Plaintiff argues that Defendants improperly removed the case because section
27   301 of the LMRA does not preempt his claims. Mem. 13–22. Defendants argue
28   resolving the claims necessarily requires interpreting various union documents. Opp'n

3

4–11.

"Courts in the Ninth Circuit apply a two-step analysis to determine whether LMRA preemption applies." *Buckner v. Universal Television, LLC*, No. CV 17-6489-R, 2017 WL 5956678, at *1 (C.D. Cal. Nov. 30, 2017) (alteration incorporated) (internal quotation marks omitted). First, courts assess "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law" instead of a collective bargaining agreement ("CBA"); if the right exists solely because of the CBA, then the claim is preempted. *Id.* (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). Second, "if the right exists independently of the CBA, [courts] must still consider whether it is nevertheless substantially dependent on analysis of a [CBA]." *Id.* (alterations in original) (quoting *Burnside*, 491 F.3d at 1059). Where such dependence exists, the state law claim is preempted by section 301. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032–33 (9th Cir. 2016).

Plaintiff's claims are creatures of state law. The claim for unlawful discrimination and retaliation arises from California Labor Code section 1102.5, and the claim for wrongful termination in violation of public policy arises from California common law. Compl. ¶¶ 26–42. These rights exist independent of the CBA, so the Court concludes that the claims are not preempted under the first step. *See Milne Emps. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1408 (9th Cir. 1991) (noting the purpose of section 301 preemption is that "federal law will be the basis for interpreting collective-bargaining agreements, while leaving undisturbed the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements." (internal quotation marks omitted)).

At the second step, the Court considers whether these claims are substantially dependent on analysis of the CBA. They are not. Plaintiff's Complaint references the CBA sparingly. Plaintiff requested that Defendants place Local 858 into an "administratorship," Compl. ¶¶ 12, 21, refers to "AFSCME's Financial Standards Code," *id.* ¶ 14, refers to Defendants' "judicial processes," *id.* ¶ 15, and refers to

Defendants' "Affiliate Audit & Review Program," *id.* ¶ 24. These allegations, standing alone, do not establish that the CBA requires interpretation to adjudicate Plaintiff's claims. The Court must analyze these allegations in context of the claims Plaintiff pleaded.

"[T]he Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted . . . does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). "[T]he term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta*, 208 F.3d at 1108.

Here, Plaintiff is suing Defendants for retaliating against him for reporting the financial malfeasance to law enforcement. No element of this claim, as Defendants acknowledge, requires the interpretation of the CBA. *See* Mot. to Dismiss 10, ECF No. 10-1 (reciting elements of Labor Code claim); *Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004) (requiring under Section 1102.5 a showing that (1) plaintiff engaged in protected activity, (2) plaintiff was thereafter subjected to an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action). Thus, the Court need not interpret the definition of an administratorship under the CBA, need not interpret the Financial Code, need not interpret the definition of judicial processes, and need not examine the Affiliate Audit & Review program to determine whether Defendants unlawfully terminated Plaintiff for reporting a violation of a federal or state law or local regulation. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001) ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA.").

Defendant also cites portions of the Union's International Constitution describing the appropriate remedies for the reported financial misfeasance here. *E.g.*, Opp'n 2. But "[a] claim brought in state court on the basis of a state-law right that is independent of rights under the collective-bargaining agreement[] will not be preempted, even if a grievance arising from precisely the same set of facts could be pursued." *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005) (internal quotation marks omitted). The Complaint only discusses these CBA terms to provide context to the alleged retaliation. The Court thus concludes the LMRA does not preempt Plaintiff's claims under the second step because Plaintiff's claims are not "substantially dependent" on interpretation of the CBA. Federal question jurisdiction is lacking. The Court grants the motion to remand.

## IV.  ATTORNEY'S FEES

Plaintiff requests attorney fees under 28 U.S.C. § 1447(c). An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). These costs are discretionary, *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005), but if an objectively reasonable basis for removing the case exists, a court should deny fees, *Garner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (citing *Martin*, 546 U.S. at 141). Here, there was an objectively reasonable basis to remove the case. Although no elements of the claims require interpretation of the CBA, Plaintiff pleaded allegations about the CBA that a court could have concluded would require interpretation. *See* Mot. to Dismiss 19–23 (describing an affirmative defense that may require CBA interpretation). Thus, even though the Court rejects Defendants' arguments against remand, the Court concludes Defendants had an objectively reasonable basis to remove the case.

///

**V.     CONCLUSION**

The Court grants the motion. Defendant's motion to dismiss (ECF No. 10) is denied as moot. The case is remanded to Los Angeles County Superior Court, No. 21STCV39839. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: March 15, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE